IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., PFIZER IRELAND PHARMACEUTICALS UNLIMITED COMPANY, and BRISTOL-MYERS SQUIBB COMPANY, | ) ) ) ) | |
| | ) | C.A. No. 24-621 (CFC) |
| Plaintiffs, | ) | CONSOLIDATED |
| | ) | |
| v. | ) | **ANDA CASE** |
| | ) | |
| APOTEX INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and the Scheduling Order, Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals Unlimited Company, and Bristol-Myers Squibb Company (collectively, "Plaintiffs") and Defendants Apotex Inc., Apotex Corp., Aurobindo Pharma Ltd., Aurobindo Pharma USA, Inc., Changzhou Pharmaceutical Factory, MSN Laboratories Private Ltd., MSN Pharmaceuticals Inc., Natco Pharma Ltd., Rubicon Research Private Ltd., and Teva Pharmaceuticals Inc. (collectively, "Defendants"), respectfully request that the following Protective Order be entered in the above-captioned action (the "Proceeding") to govern the exchange of discovery materials by the parties and third parties, the use or exhibition of documents and things, and the use or presentation of testimony containing trade secrets, confidential or proprietary research,

development, technical, financial, strategic, customer, or commercial information, and other kinds of commercially sensitive information within the meaning of Federal Rule of Civil Procedure 26(c)(1), and personal health information protected under state or federal privacy laws, or other applicable personal data protection laws or regulations.

Plaintiffs and Defendants (collectively, "the Parties") agree, and this Court finds, that the disclosure of such commercially sensitive information poses a substantial risk of harm to the legitimate proprietary interests of the Parties and third parties. Therefore, good cause exists for entry of this Protective Order to preserve the confidentiality of certain documents and information, outline procedures and reasonable restrictions on the disclosure of sensitive materials, and permit discovery to proceed without delay.

Accordingly, the Court enters the following Protective Order, which shall control the disclosure, dissemination, and use of information in the Proceeding:

## I.    DESIGNATION OF MATERIAL AS "CONFIDENTIAL"

1.    The designation of material as "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)(1), including any data, projections, or other research, development, technical, commercial, or personnel information, practices, or methods that are non-public and confidential or

proprietary, such as the types of documents listed below.  Identification of types of documents in this Paragraph shall not be an admission by any party that such documents are relevant or admissible in the Proceeding.

       a.    Commercial information, including strategic plans, marketing, and financial information (e.g., P&L statements) concerning a party's current or potential future products, processes, or business relationships.

       b.    Confidential marketing plans, market research, and business strategy, including research regarding competitors and projected future sales or pricing.

       c.    Names, or other information tending to reveal the identities, of a party's suppliers, present or prospective customers, or distributors.

       d.    Agreements with a party's suppliers, present or prospective customers, or distributors.

       e.    Revenue, cost, or profit information for a party's products.

       f.    Information relating to a party's research and development efforts.

       g.    Product specifications, formulations, or information regarding the manufacture of a party's products.

h.    Technical notebooks and technical reports of a party, including product and manufacturing specifications, schematic diagrams, technical reference manuals, operations manuals, or other similar information.

i.    Information a party believes in good faith is a proprietary trade secret.

j.    Information relating to pending patent applications.

k.    New Drug Applications ("NDAs"), Abbreviated New Drug Applications ("ANDAs"), Drug Master Files ("DMFs"), and Premarket Approval Applications ("PMAs"), including correspondence with the FDA regarding any of the above.

l.    Physical samples of any products, active pharmaceutical ingredients, placebos referenced or used for comparison, or excipients.

m.    Personal information of a party's employees.

n.    Personal information and/or identities of physicians and patients.

o.    Information that any party is required to maintain in confidence under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or any similar law or regulation.

p.    Any other information a producing party believes in good faith could cause irreparable harm to its business if disclosed to personnel for the receiving party.

4

Confidential information may be contained in discovery information or materials produced or obtained in the Proceeding through any means and person or entity. The Confidential information contained therein, and all copies, recordings, abstracts, excerpts, analyses, or other writings that contain, reveal, or otherwise disclose such Confidential information, shall also be deemed Confidential information.

2.     Any party or third party may designate as "Confidential" any part of any discovery or other materials produced or served in this Proceeding, or filed with the Court, including documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain proprietary, business, financial, technical, or other confidential information or know-how protectable under Federal Rule of Civil Procedure 26(c)(1), as set forth in Paragraph 1 above.

3.     A party or third party shall designate a document or thing as Confidential by marking it prominently on its face with the legend "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as appropriate, when it is produced to the party seeking discovery. Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto or on an accompanying production letter. If an entire multi-page document is to be treated as Confidential, each page of such document should be

marked. Additionally, to the extent practicable, each page of each document and each thing produced pursuant to discovery in the Proceeding shall bear a unique identifying number.

4. Notwithstanding such designation, Confidential information does not include information obtained independently of the Proceeding as to which no obligation of confidentiality applies. Accordingly, nothing in this Protective Order shall prevent any person, including a Qualified Person as defined in Paragraph 11 below, from making use of any information that is designated as Confidential information if such information:

a. is determined by agreement of the Parties or Court order to be public information,

b. was lawfully in their possession before receiving the information or document under this Protective Order's provisions,

c. was, is, or becomes available to the public through no fault of a receiving party,

d. is disclosed by a third party who is not subject to any confidentiality obligations at the time of the disclosure, or

e. is discovered independently by the receiving party by means that do not constitute a violation of the law or this Protective Order.

5.    Unless otherwise agreed by the Parties, deposition transcripts taken in connection with the Proceeding will be temporarily designated and treated as Confidential for thirty days from the deposition date to give the Parties or third parties an opportunity to properly designate any Confidential information in the transcript.  Within those thirty days, the Parties or third parties may designate any portion of the transcript as Confidential information pursuant to this Protective Order.   If a deposition transcript or deposition exhibits contain Confidential information, the deposition transcript will be marked on its first page with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."   Nothing in this Order shall prevent a deponent from reviewing and making corrections to the transcript of their deposition pursuant to Federal Rule of Civil Procedure 30(e). Nothing in this Paragraph shall prevent a party from showing to its own employees, officers, directors, or agents transcripts from depositions taken of its own witnesses.

6.    Any documents or material provided for inspection, as opposed to produced, in the Proceeding shall be treated by the inspecting/receiving party as Confidential information pending the copying and delivery of any copies of the same by the producing party.  After copies are delivered to the inspecting/receiving party, the information in such documents or things will be treated consistent with any legend on each document or thing.  Unless otherwise agreed or ordered by this Court,

inspection of documents or things by a party shall be conducted only by Outside Counsel or independent consultants or experts eligible under Paragraph 11 below.

7.      For any documents produced before the entry of this Protective Order and marked under District of Delaware Local Rule 26.2, the receiving party will treat them as Confidential after entry of this Protective Order, unless the producing party subsequently designates them otherwise.

8.      Documents and things produced without a legend designating the material Confidential shall not be subject to this Protective Order, unless otherwise agreed by the Parties or ordered by the Court.

## II.    USE OF CONFIDENTIAL INFORMATION

9.      Confidential information, including all copies, summaries, abstracts, excerpts, indices, and descriptions of such material, shall be held in confidence by the receiving party, shall be used only by persons permitted access to the information under this Protective Order, and shall not be used for any purpose other than in connection with the Proceeding, any appeal therefrom, and any remands thereto.  For example, the Confidential information of another party shall not be used for any research, development, patent prosecution, patent claim amendments, commercial, marketing, regulatory (including Citizen Petitions), or other competitive purpose. All persons receiving Confidential information are expressly prohibited from using or disclosing such information in connection with any practice before or

communication with the United States Patent and Trademark Office ("USPTO"), the United States Food and Drug Administration ("FDA"), the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction. Nothing contained in this Protective Order shall preclude any party from using its own Confidential information in any manner it sees fit, without prior consent of any party or the Court. Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients regarding the Proceeding and, in the course thereof, relying upon Confidential information, provided that in rendering such advice counsel shall not disclose any other party's Confidential information other than in a manner provided for in this Protective Order.

10.     The Defendants in the Proceeding and any defendants who join or are joined to this Proceeding and who are bound by this Protective Order, may exchange documents or information (including motions, briefs, declarations, discovery responses, contentions, and expert reports) describing or referring to information designated by Plaintiffs as Confidential, so long as every Defendant who receives such documents treats all designated materials in accordance with this Protective Order. The exchange contemplated by this Paragraph does not modify any of the restrictions on the dissemination of Plaintiffs' Confidential information set forth in this Protective Order.

a.    When the Producing Party is a Defendant, the Receiving Party shall include Plaintiffs only, and Plaintiffs may not produce one Defendant's Confidential information to another Defendant without consent.  However, Plaintiffs may cite, reference, or otherwise discuss another Defendant's Confidential information in written sealed submissions to the Court and common discovery responses that are also served on outside counsel of record for any other Defendant (including, e.g., Plaintiffs' responses to Defendants' common interrogatories, and expert reports concerning validity) without the need to redact such information in service copies to outside counsel of record, provided that in-house persons of the other Defendants and any third parties who do not have permission to access such Confidential information do not receive access to such Confidential information. Plaintiffs may also cite, reference, or otherwise discuss a Defendant's Confidential information without the need to shield such information in proceedings before the Court where the Defendant's outside counsel of record is present, including teleconferences, hearings, and trial, provided that in-house persons of the other Defendants and any third parties who do not have permission to access such Confidential information do not receive access to such Confidential information. Further, Plaintiffs may cite, reference, or otherwise discuss a Defendant's Confidential information in expert depositions concerning validity where that Defendant's outside counsel of record is present, provided that in-house persons and

any third parties who do not have permission to access such Confidential information do not receive access to such Confidential information.

## III.    ACCESS TO CONFIDENTIAL INFORMATION

11.    Confidential information may be disclosed only to the following "Qualified Persons:"

a.    Outside counsel of record for a party and the secretarial, clerical, paralegal, and other supporting personnel of said outside counsel.

b.    When Plaintiffs are the non-designating parties, up to three in-house counsel employed by each Plaintiff, or by a Plaintiff's subsidiary, parent, or affiliate, with responsibilities for managing this litigation, and their secretarial, clerical, paralegal, and other supporting personnel, provided that Defendants' counsel are given a copy of a signed Declaration in the form of Exhibit A.

c.    When Defendants are the non-designating parties, up to three in-house individuals who are responsible for managing the litigation associated with the Proceeding and who are employed by each Defendant, or by a Defendant's subsidiary, parent, or affiliate, with responsibilities for managing this litigation, and their secretarial, clerical, paralegal, and other supporting personnel, provided that Plaintiffs' counsel are given a copy of a signed Declaration in the form of Exhibit A.

d.      Independent experts and consultants and their staff retained to assist counsel for the Parties in the conduct of this Proceeding, provided such experts and consultants have complied with Paragraph 15 herein;

e.      The Court, its law clerks and staff;

f.      Court reporters and videographers;

g.      Photocopy services;

h.      Professional translators retained for the Proceeding;

i.      Graphics or design consultants retained to prepare demonstrative or other exhibits for the Proceeding;

j.      Non-technical trial consultants and persons employed or retained by them;

k.      Document imaging and database services and consultants retained to set up, maintain, or operate litigation databases; and

l.      Others as to whom the designating party has given written consent.

12.    Only Qualified Persons, the deponent, and their attorney shall be allowed to attend any portion of a deposition during which Confidential information is used or elicited from the deponent.  Counsel for the designating party may request that all persons other than the deponent, the court reporter and videographer, Qualified Persons, individuals specified in Paragraph 11, and counsel for the witness

leave the deposition room during any portion of a deposition which enquires into matters deemed Confidential by the designating party. The failure of individuals other than those specified in this Paragraph to leave the deposition room during any portion of the deposition which enquires into matters deemed Confidential information by the designating party shall constitute justification for counsel to instruct the witness that he or she shall not answer the questions posed concerning such matters until such time as all individuals other than those specified in this Paragraph leave the deposition room.

13. This Protective Order shall not limit a party's examination, at a deposition, hearing, or trial, of persons who are not authorized to receive Confidential information under the terms of this Protective Order, so long as such examination concerns only Confidential information that the witness authored, received, was involved in generating, or previously had access to or knowledge of, as demonstrated by the information itself or by foundation testimony during a deposition, hearing, or trial, or if the producing party consents to such disclosure. This Protective Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether they authored, received, generated, or previously had access to or knowledge of Confidential information. Examination using a party's Confidential information may be conducted on a witness of the same party who is a designee pursuant to Federal Rule of Civil Procedure 30(b)(6).

14.    Before disclosing another party's Confidential information to a person or entity described in Paragraph 11(b) and (c), the party shall first obtain a signed Declaration in the form of the annexed Exhibit A.  The Declaration shall be signed by each in-house individual to which another party's Confidential information is disclosed.  Counsel retaining the persons described in Paragraph 11(b) and (c) shall retain the original of each such signed Declaration.

15.    Before disclosing another party's Confidential information to an outside consultant or expert under Paragraph 11(d), the party shall first provide to the producing party:  (a) a signed copy of the Declaration found in Exhibit A of this Order; (b) a current resume or curriculum vitae for the consultant or expert including a list of publications; and (c) a list of any other cases in which the consultant or expert has testified as an expert at trial or by deposition within the preceding four years.  Once the producing party has received the requisite documents and consultant/expert information, the producing party shall then have seven days to provide a written objection to the proposed disclosure of its Confidential information, including the specific reasons for such objection.  No disclosure of Confidential information shall occur during this seven-day period.  If a timely written objection is made:  (i) there shall be no disclosure of the Confidential information to the consultant or expert, except by further Court order or by the Parties' agreement, (ii) the Parties agree to promptly meet and confer regarding the

basis for (and resolution of) the objection, and (iii) if the Parties cannot reach an agreement, the party objecting to the disclosure of information to the consultant/expert may pursue the issue via the Court's established discovery dispute procedures within seven days of the meet and confer. On any motion brought pursuant to this Paragraph, the objecting party shall bear the burden of showing why disclosure of information to that consultant/expert should be precluded. Failure to timely object or to timely seek adjudication by the Court will act as a waiver of the objection, and the consultant or expert will become a Qualified Person.

16. Any person who receives Confidential information pursuant to Paragraph 14 may not during the pendency of this Proceeding and for one year after final termination of the Proceeding, including any appeals or remands, participate in any petitioning, counseling, or other correspondence involving the FDA concerning NURTEC ODT® or any proposed therapeutic equivalents thereof (e.g., concerning any methods of use or administration of NURTEC ODT® or determination of bioequivalence to NURTEC ODT® or determination of abuse deterrence for any proposed generic version of NURTEC ODT®), including the preparation or submission of any FDA correspondence (e.g., citizen's petitions and oppositions to citizen's petitions), or any similar correspondence in any foreign country regarding regulatory approval requirements for NURTEC ODT® or any proposed therapeutic equivalents thereof. For avoidance of doubt, nothing in this Paragraph shall be

construed to limit the individual from communicating with the FDA or any other regulatory or governmental authority regarding health, safety, or efficacy matters related to NURTEC ODT® or any proposed therapeutic equivalents thereof (including but not limited to any party's prosecution of its ANDA), pursuant to court order, or as otherwise requested by the FDA or required by applicable law or regulation. Any person who receives Confidential information pursuant to Paragraph 14 may not during the pendency of this Proceeding and for two years after final termination of the Proceeding, including any appeals or remands, engage, directly or indirectly, in any patent prosecution activities, reexamination activities, or reissue activities including both foreign and U.S. applications relating to rimegepant or rimegepant-containing drug products including NURTEC ODT® or of any foreign equivalents, or of any proposed or existing generic version of NURTEC ODT®. Such activities will include drafting, amending, or otherwise affecting the scope of patent claims. For the avoidance of doubt, "patent prosecution activities" exclude involvement in post-grant proceedings, such as *inter partes* reviews, provided such individual shall not participate, directly or indirectly, in amending claims.

17.    If, at the time this Order is signed, a party has not yet identified each of the individuals permitted by Paragraph 11, it may designate such personnel provided it serves written notification to all producing parties along with a Declaration in the

form of Exhibit A attached hereto.  Additionally, a party wishing to substitute any personnel permitted by Paragraph 11 may do so for good cause (e.g., an attorney leaving the company), so long as the party serves written notice to all producing parties along with any necessary Declaration in the form of Exhibit A attached hereto.

## IV.   INADVERTENT PRODUCTION OF UNDER-DESIGNATED MATERIAL

18.   Inadvertent production of any document, thing, or information without a designation of Confidential information will not be deemed to waive a later claim as to its confidential nature, or stop the producing party from designating said document or information as Confidential information later.

19.   Any producing party may change a designation to Confidential (or withdraw a designation) regarding any material that it has produced by notifying counsel for each receiving party in writing.  Upon receipt of such notice, the non-producing party shall:  (i) not make any further disclosure or communication of such newly designated material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any material with the original designation (or lack of designation) and alert those persons of the effect of such a change in designation under this Protective Order; (iii) for material newly designated as Confidential, promptly retrieve or have destroyed all copies and transcriptions of such originally designated (or undesignated) material from any

persons known to have possession of such material who are not specified in Paragraph 11. Properly marked documents, reflecting the new designation, shall be promptly provided by the producing party.

## V.    CHALLENGING A "CONFIDENTIAL" DESIGNATION

20.    A party receiving documents or things shall not be obligated to challenge the propriety of a Confidential information designation (or re-designation) at the time the document or thing is produced, and a failure to do so shall not preclude a subsequent challenge. If a receiving party disagrees at any time with a Confidential information designation made by another party or a third party, the following procedure shall be used:

a.    The party seeking to change the designation of another party's documents, things, or information shall provide the producing party written notice specifying the documents, things, or information for which a change in designation is sought, and the reasons for the request. The producing party shall have seven days after receipt of the written notice within which to object in writing to the change in designation or removal of protection afforded by this Protective Order and to specify why protection under this Protective Order is appropriate.

b.    If the producing party objects in writing within seven days of receiving such a written notice, the Parties shall meet and confer to try to resolve the dispute without Court involvement.

c.    If the Parties or third parties cannot reach agreement concerning the change in designation, the party seeking the removal of protection for the Confidential information may pursue the issue via the Court's established discovery dispute procedures.    If the party seeking the removal of protection for the Confidential information does not pursue the issue via the Court's established discovery dispute procedures within seven days, the issue is waived.

d.    The Parties shall continue to treat the documents or things at issue as Confidential information (according to the original designations) until the Court resolves the dispute, or by agreement of the Parties or third parties.

e.    On any motions arising out of the designation of any material as Confidential information under this Protective Order, the burden of justifying the designation shall lie with the producing party.

## VI.    INADVERTENT USE OF CONFIDENTIAL INFORMATION

21.    If a receiving party during the Proceeding (including at a deposition) inadvertently uses any Confidential information of another party in a manner that contravenes this Protective Order, the information shall not lose its confidential status because of such use.

22.    If any Confidential information is inadvertently disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the inadvertent disclosure shall, within two days of learning of such disclosure,

19

inform the producing party of the disclosure in writing. As soon as practicable thereafter, the party responsible for the inadvertent disclosure shall use reasonable efforts to obtain the prompt return or destruction of any such Confidential information, and obtain a signed Declaration in the form attached hereto as Exhibit A from each unauthorized person or party who inadvertently received any Confidential information. Satisfaction of the requirements set forth in this Paragraph shall not prevent the producing party from seeking any additional relief, whether by Parties' agreement or Court order.

## VII.  INADVERTENT PRODUCTION OR USE OF PRIVILEGED INFORMATION

23.    If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim of attorney-client privilege, attorney work product immunity, or other legal privilege or ground for withholding production to which the producing party, third party, or other person otherwise would be entitled. The protections afforded such inadvertent production shall be at least as protective as those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

24.    If a written claim of inadvertent production of privileged information is made by a producing party to a receiving party, the receiving party shall:

a.    immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production may be made orally, and upon such oral claim all copies of the requested document physically at the deposition must be immediately returned to counsel for the producing party present at the deposition; and

b.    within five days of receipt of the claim described in Paragraph 24(a), destroy or return to the producing party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

25.    Recognizing the Parties' need to prepare their cases based on produced discovery, if any information, document, or thing is used openly in the case, e.g., at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege, must be made within two weeks after such use.

26.    Nothing herein shall prevent a receiving party from challenging pursuant to the Court's established discovery dispute procedures the propriety of any claim of attorney-client privilege, work product immunity, or other privilege designation for any inadvertently produced document, except that the inadvertent

disclosure shall not be a basis for any such challenge. The producing party shall maintain for the duration of the Proceeding a copy of any inadvertently produced document for which it made a subsequent claim of attorney-client privilege, work product immunity, or other privilege. Despite the existence of a challenge, any inadvertently produced document that is returned based on a claim of attorney-client privilege, work product immunity, or other privilege shall be treated as if it were properly covered by the asserted attorney-client privilege, work product immunity, or other privilege unless the challenge is resolved in favor of the receiving party.

## VIII.  PRODUCTION OR DISCLOSURE OF A THIRD PARTY'S INFORMATION

27.    Any subpoena or other notice to a third party requesting production of documents shall include a copy of this Protective Order. This requirement shall not change the requirements for service of a valid subpoena under the Federal Rules of Civil Procedure.

28.    If a third party produces documents pursuant to a subpoena or other request issued by one of the Parties (or by Court order) and if the third party has not requested its documents be treated as Confidential, then it shall be presumed that the documents produced contain information the third party has determined requires no designation under the Protective Order. The third party's documents and things shall be handled by all Parties to the Proceeding according to the appropriate designations under this Protective Order. The party issuing the subpoena or other request for

22

documents or things to the third party shall provide any non-requesting party an opportunity to review and make copies of any documents produced in response to that subpoena or request.

29.    A party in the Proceeding may temporarily withhold production of otherwise discoverable information sought in a discovery request (e.g., interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (e.g., by prior agreement of confidentiality).  In such circumstances (except for information subject to another protective order or confidentiality order by another court), the producing party shall:

    a.    timely serve a written objection to the production of the requested information based on its obligation to a third party not to disclose such information;

    b.    promptly provide to the third party whose confidentiality interests are implicated (i) notice of the pending request to disclose the information, and (ii) a copy of this Protective Order; and

    c.    if the third party does not agree to disclosure of its information, then the party requesting the documents or things from the third party may (i) serve a subpoena on the third party, if the requesting party has not already done so, or (ii) file a motion to compel production of the requested documents against a party or third party in the appropriate court.

30.     Any party to the Proceeding that receives a subpoena or other request from a third party that seeks the disclosure/production of Confidential information already disclosed in this Proceeding that the party did not itself produce shall give prompt telephonic and written notice to that original producing party of such subpoena or other request, but in no event more than seven days after actual receipt of the subpoena or other request.  If the original producing party opposes disclosure of its documents called for by the subpoena or other request within seven days from notice of the subpoena, then the party served with the subpoena shall not disclose the pertinent information until a court has resolved the issue.  Absent a court order, production or disclosure of another party's information shall not be made until the original producing party has agreed to such production to a third party.  The original producing party shall bear the burden to oppose, if it deems appropriate, the subpoena or other request on the grounds of confidentiality.  This Paragraph shall not apply to the disclosure of a party's own documents or things.

## IX.    USE OF CONFIDENTIAL INFORMATION IN FILINGS AND IN OPEN COURT

31.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

32.     The Clerk of Court is directed to maintain under seal any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court in compliance with Local Rule

5.1.3, which has been designated, in whole or in part, as containing or revealing Confidential information under this Protective Order.

33.    If a party or third party wishes to use any Confidential information in any pleading, motion, brief, memorandum, exhibit, affidavit, declaration, transcript, response to a discovery request, or other paper filed with the Court to be maintained under seal, such paper shall be filed according to Local Rule 5.1.3.

34.    Any health information that is protected under state or federal privacy laws and is disclosed in discovery by a party or third party to the Proceeding shall not be used or disclosed in open court unless in accordance with a further order of the Court, such as an order of the Court sealing the courtroom.  The Court will enter further orders as necessary to control the conduct of hearings and trial as it relates to the use of Confidential information.

## X.    DISPOSITION OF CONFIDENTIAL MATERIALS AFTER CONCLUSION OF THIS PROCEEDING

35.    Upon the final non-appealable termination of the Proceeding, all Confidential information received from an opposing or third party (and all copies and transcriptions thereof), shall be destroyed or returned to the producing party within 90 days.  Outside Counsel, however, may retain (even if such documents or things contain Confidential information) all correspondence, pleadings and exhibits, deposition transcripts and exhibits, expert reports and exhibits, hearing and trial transcripts and exhibits, court-filed documents and exhibits, and all documents and

things containing or reflecting attorney work product except for HIPAA information, which must be destroyed or returned within 90 days of the Proceeding's termination. The producing party shall identify to the receiving party all such protected health information to be destroyed or returned by specific production numbers within 45 days of the Proceeding's termination.  If the producing party does not provide this specific information to the receiving party within 45 days, then the receiving party is under no obligation to destroy or return the protected health care information, but the health care information shall remain Confidential under the provisions of this Protective Order.  Documents and work product retained by Outside Counsel shall remain subject to the terms of this Protective Order.  Outside Counsel shall certify their compliance with this Paragraph's provisions upon request by any party.

36.    If party is dismissed from the Proceeding before a final non-appealable termination pertaining to the remaining parties, the dismissed party shall comply with Paragraph 35 as if the dismissal were a final non-appealable termination.

## XI.    ADDITIONAL PROVISIONS

37.    This Protective Order shall be binding upon the Parties to the Proceeding and any signatories to the Declaration attached as Exhibit A, including their successors and assigns, and their respective attorneys, agents, representatives, officers, and employees.

38.    This Protective Order shall apply to all information and material produced in this Proceeding, including all information and material produced before the Court enters this Protective Order.

39.    If any party breaches, or threatens to commit a breach, of any of the provisions of this Protective Order, each non-breaching party or third party that produced information subject to this Protective Order shall have the right to ask the Court for any remedies available under law or in equity, including having the Protective Order specifically enforced (without posting any bond) and entering a restraining order or injunction (preliminary or permanent) against the breaching party for breaches, threatened or actual.  It is agreed and acknowledged that, in the event of any such breach or threatened breach, the breaching party is not entitled to a presumption that money damages or legal remedies are sufficient or adequate to remedy such a breach.

40.    This Protective Order shall survive termination of the Proceeding, including any final judgment, appeal, or settlement to the extent the Confidential information is not or does not become known to the public by means other than a breach of this Protective Order.

41.    Nothing in this Protective Order shall prejudice the right of any party or third party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

42.     If a new party is added, substituted, or otherwise brought into the Proceeding, this Protective Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Protective Order.

43.     Each person or entity who receives any Confidential information agrees to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

44.     Other Proceedings.  By entering this Protective Order and limiting the disclosure of information in the Proceeding, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

45.     To expedite the discovery process, until the Court has entered this Protective Order, the Parties agree that after counsel has filed this proposed Protective Order, it will be treated as though it had been "So Ordered."

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com

*Attorney for Plaintiffs Pfizer Inc., Pfizer Ireland Pharmaceuticals Unlimited Company, and Bristol-Myers Squibb Company*

COZEN O'CONNOR

*/s/ Kaan Ekiner*

Kaan Ekiner (#5607)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

*Attorney for Defendants Aurobindo Pharma Limited, Aurobindo Pharma U.S.A., Inc., MSN Laboratories Private Ltd., and MSN Pharmaceuticals Inc.*

MORRIS JAMES LLP

*/s/ Cortlan S. Hitch*

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 658-9200
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants Apotex Inc., Apotex Corp., and Rubicon Research Private Ltd.*

SMITH, KATZENSTEIN, & JENKINS LLP

*/s/ Daniel A. Taylor*

Neal C. Belgam (#2721)
Daniel A. Taylor (#6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendant Changzhou Pharmaceutical Factory*

RICHARDS, LAYTON & FINGER, P.A.

/s/ Sara M. Metzler
_____
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Jessica E. Blau (#7163)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com
blau@rlf.com

*Attorneys for Defendant Natco Pharma, Ltd.*

December 27, 2024

SHAW KELLER LLP

/s/ Nathan R. Hoeschen
_____
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
Emily S. DiBenedetto (#6779)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

*Attorneys for Defendant Teva Pharmaceuticals, Inc.*

SO ORDERED this ___ day of _____, 202__.

_____
The Honorable Colm F. Connolly
Chief United States District Judge

30

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC., PFIZER IRELAND PHARMACEUTICALS UNLIMITED COMPANY, and BRISTOL-MYERS SQUIBB COMPANY, | ) ) ) ) | |
| | ) | C.A. No. 24-621 (CFC) |
| Plaintiffs, | ) | CONSOLIDATED |
| | ) | |
| v. | ) | **ANDA CASE** |
| | ) | |
| APOTEX INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DECLARATION REGARDING PROTECTIVE ORDER</u>**

1.    I, _____, have been asked by counsel for

_____

_____ to review certain confidential documents or other information that is

subject to the Protective Order that has been entered by the United States District

Court for the District of Delaware in the above-captioned case (the "Proceeding").

2.    My present employer is _____

and    the    address    of    my    present    employer    is

_____.    My    present

occupation    or    job    title/description    is

_____.

A-1

3.      I have received a copy of the Protective Order.  I have carefully read and understand its provisions.

4.      I will comply with all provisions of the Protective Order, including the following:

a.      I will not disclose any information, documents, or things designated as Confidential information to anyone other than those persons specifically authorized by the Protective Order.

b.      I will not use any Confidential information for any purpose other than the Proceeding.

c.      When requested to do so, I will return all materials containing Confidential information, and all documents and things that I have prepared relating thereto.

5.      I will take reasonable steps to restrict access to any Confidential information to only those persons authorized by the Protective Order to have such access.  I will inform any of my employees or staff who encounter Confidential information of the terms of the Protective Order.

6.      I understand that my obligations regarding Confidential information under the Protective Order apply equally to copies, summaries, excerpts, transcripts, indices, expert reports, or compilations of information containing Confidential

A-2

information, and any knowledge or information derived from any such information I receive during the Proceeding.

7.    I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court, and the parties or third parties that designated the information as Confidential may seek additional remedies against me.

8.    I voluntarily submit to the jurisdiction of the United States District Court for District of Delaware with respect to the enforcement of the Protective Order, and with respect to any other order issued by the Court governing the use of confidential information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Date: _____


                                    _____

A-3